UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY G. MERRILL,

    Plaintiff,

    v.

ICICLE SEAFOODS, INC.,

    Defendant.

Case No. C04-1721L

ORDER GRANTING MOTION TO CONTINUE AND GRANTING IN PART MOTION TO BIFURCATE AND PAY MAINTENANCE AND CURE

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motions to continue (Dkt. # 21-1) and to bifurcate and pay maintenance and cure (Dkt. #24-1). Plaintiff has requested that the Court bifurcate his claim under the Jones Act, 46 U.S.C. App. § 688, from his claim for maintenance and cure because until such time as the plaintiff receives the cure to which he is entitled, the full extent of his injury under the Jones Act cannot be known. Additionally, plaintiff asserts that he is entitled to maintenance and cure under maritime law.

## II. BACKGROUND

In December of 2002, plaintiff Larry Merrill worked for defendant Icicle Seafoods aboard the vessel DISCOVERY STAR (the "vessel"). As part of his employment with defendant, Mr.

ORDER GRANTING MOTION TO
CONTINUE AND GRANTING IN PART
MOTION TO BIFURCATE AND
PAY MAINTENANCE AND CURE - 1

Merrill painted interior rooms aboard the vessel while it was docked in Seattle prior to a voyage. There is a dispute between the parties as to whether the paint he used contained latex. It is undisputed that Mr. Merrill was not using a respirator while he was painting.

On December 29, 2002, after he had been painting for some time, Mr. Merrill experienced a headache, syncope (a lapse in consciousness), left-side numbness, and dizziness. Plaintiff was taken to Harborview hospital in Seattle where he was evaluated and eventually discharged with instructions to follow up with his primary care physician. No diagnosis was reached.

Plaintiff returned to work aboard the vessel and set out for Adak, Alaska. On February 22, 2003, Mr. Merrill experienced another episode of indigestion-like symptoms, headache and left-side numbness. This time he did not lose consciousness. He was seen at the Eastern Aleutian Tribes Clinic and then flown to Anchorage for treatment at Providence Alaska Medical Center. Again, no diagnosis was reached.

At deposition, plaintiff testified that he has suffered breathing/congestion problems, headaches, and syncope since the December 29, 2002, event.

## III. DISCUSSION

**A.  Bifurcation**

Plaintiff argues that without a diagnosis there is no injury, and without an injury there is no Jones Act claim. A Jones Act claim rests on the negligence of the seaman's employer. <u>California Home Brands, Inc. v. Ferriera</u>, 871 F.2d 830 (9th Cir. 1989). Whether plaintiff will prevail on his Jones Act claim depends on whether he can establish a causal relationship between the painting aboard the vessel and his injury. In contrast, the duty to pay maintenance and cure is not dependant on negligence or causation. Rather it is based on factors that can and should be decided promptly. Accordingly, bifurcation is proper at this time.

ORDER GRANTING MOTION TO
CONTINUE AND GRANTING IN PART
MOTION TO BIFURCATE AND
PAY MAINTENANCE AND CURE - 2

**B.     Maintenance and Cure**

"From its dawn, the maritime law has recognized the seaman's right to maintenance and cure for injuries suffered in the course of his service to his vessel, whether occurring on sea or on land." O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 41-42 (1943). "Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." Vaughan v. Atkinson, 369 U.S. 527, 531 (1962). Admiralty courts are liberal in interpreting this duty for the protection of seamen who are considered wards of the court. Id. at 531-32. Generally speaking, in order to be entitled to maintenance and cure, a seaman need only prove that his injury arose while he was serving the defendant's vessel. Dragich v. Strika, 309 F.2d 161, 163 (9th Cir. 1962). Despite the parties assertions in this case, it is not material whether plaintiff's injury was caused by latex or any other paint fume-induced poisoning. Liner v. J.B. Talley & Co., Inc., 618 F.2d 327 (5th Cir. 1980). All that matters is whether his illness or injury arose while he was in the service of the vessel.

Here, plaintiff has presented evidence that an illness or injury arose while he was in the service of the vessel. Both episodes occurred while plaintiff was an employee of defendant's vessel at the end of 2002 and the beginning of 2003. Therefore, defendant owes the duty to pay maintenance and cure until such time as plaintiff has reached maximum medical recovery. "Maintenance" is a subsistence allowance designed to provide the seaman with compensation sufficient to pay for his food and lodging until the time of his maximum cure. Caufield v. AC & D Marine, Inc., 633 F.2d 1129 (5th Cir. 1981). "Cure" is the employer's obligation to pay for medical expenses for sick or injured seamen. Vella v. Ford Motor Co., 421 U.S. 1 (1975). "Maximum medical recovery" is reached when a seaman's condition is of a permanent character and/or will not improve with additional medical treatment. Crooks v. United States, 459 F.2d

631 (9th Cir. 1972). There is no duty to prepay for care. <u>Dominguez v. Marine Transport Management Co.</u>, 1992 AMC 2863 (E.D. La. 1992). However, there is a duty to guarantee payment of reasonable medical treatment. <u>Kezic v. Alaska Sea</u>, 2004 AMC 2376, 2378 (W.D. Wash. 2004).

The fact that plaintiff fell ill while in the service of the vessel is undisputed. Defendant paid both maintenance and cure following the events of December 29, 2002 and February 22, 2003, but there is no evidence that plaintiff has reached maximum medical recovery. There is a reasonable likelihood that further medical testing is necessary in order to determine whether plaintiff has, in fact, recovered. Defendant must therefore guarantee payment of plaintiff's medical expenses related to reasonable diagnostic testing.

As to payment of maintenance, plaintiff has not asked for any specific amount but rather requests defendant "re-institute maintenance payments to plaintiff as previously indicated." (Dkt. # 25-1). Defendant has not raised any legal or factual objection to continued maintenance payments except those related to causation/cure discussed above. Plaintiff's request for maintenance is therefore granted.

**C.    Attorney's fees**

Lastly, plaintiff requests payment of attorney's fees. (Dkt. # 25-1). A defendant is liable for the attorney's fees and costs incurred to secure payment of maintenance and cure when the defendant's failure to provide payment was "arbitrary, recalcitrant or unreasonable." <u>Kopczynski v. The Jacqueline</u>, 742 F.2d 555, 559 (9th Cir. 1984) (citing <u>Vaughan, Incandela v. American Dredging Co.</u>, 659 F.2d 11, 15 (2d Cir.1981), and <u>Gaspard v. Taylor Diving & Salvage Co.</u>, 649 F.2d 372, 375 (5th Cir. 1981)). Here, there is no indication that defendant has acted arbitrarily or unreasonably, or been recalcitrant. Therefore, the Court DENIES plaintiff's request for attorney's fees.

ORDER GRANTING MOTION TO
CONTINUE AND GRANTING IN PART
MOTION TO BIFURCATE AND
PAY MAINTENANCE AND CURE - 4

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to bifurcate and pay maintenance and cure. (Dkt. # 24-1). Defendant shall reinstate maintenance payments, pay past medical expenses, and guarantee payment of plaintiff's future diagnostic and medical expenses until maximum medical cure is reached. The Court DENIES plaintiff's request for attorney's fees. A revised case management schedule will be issued for trial of plaintiff's Jones Act claim.

DATED this 23rd day of November, 2005.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO
CONTINUE AND GRANTING IN PART
MOTION TO BIFURCATE AND
PAY MAINTENANCE AND CURE - 5